RECEIVED
13 APR -4 PM 3:33
CITY OF SEATTLE
MAYOR'S OFFICE

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| ISAAC OCAK, an individual,<br><br>                     Plaintiff,<br><br>v.<br><br>LARRY LONGLEY, an individual, JEFFREY THOMPSON, an individual, SCOTT LUCKIE, an individual, JOSHUA ZIEMER, an individual, and CITY OF SEATTLE, a Washington municipal corporation,<br>                     Defendants. | No. _____<br><br>COMPLAINT |

COMES NOW the plaintiff Isaac Ocak and through counsel alleges as follows:

**I.  INTRODUCTION, PARTIES, JURISDICTION, VENUE**

1. This is a complaint for assault and battery, excessive force and civil rights violations under 42 USC 1983, arising from the individual defendants' joint action and conspiracy to attack plaintiff and wrongfully detain and arrest him, and inflict illegal violence upon him, on December 29, 2010, maliciously, and facilitated and caused by the custom and policy of the defendant City of Seattle's (City's) Seattle Police Department (SPD) to engage in excessive force and other abuse of citizens, and failure to properly discipline, supervise and train officers; even after being told by the Department of Justice on or about December 16, 2011 the

COMPLAINT- 1

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

true facts that from January 1, 2009 through April 4, 2011 SPD engaged in a pattern or custom of excessive force in 20% of use of force reports sampled indicating overall excessive force in some 240 out of 1,230 cases -- with inadequate and or no real supervision of officers using force -- SPD has failed to supervise or discipline the officers involved therein, not firing or disciplining more than one or two officers involved therein and letting hundreds go without further review, or discipline, thereby ratifying and supporting the custom and policy of excessive force and abuse of citizens.

2. Isaac Ocak is an individual residing in the City of Seattle ("City"), in King County, Washington.

3. The City is a municipal corporation in King County; the Seattle Police Department ("SPD") is a department thereof and the City and SPD legally "reside" in King County being located and doing business there.

4. The individual defendants herein each are SPD officers who at all relevant times were in uniform and acted under color of law, and each on information and belief resides in King County, Washington.

5. The wrongs complained of arose or were in King County Washington and concern public officers there, and jurisdiction and venue are appropriate in King County under RCW 4.24.020 and .025 based on parties' residence or place where the torts arose.

6. Plaintiff served and filed a notice of claim relating to this incident at the City of Seattle, on or about Dec. 26, 2012, the sixty day waiting period under RCW 4.92.110 has elapsed and this complaint is timely thereunder.

## II.     FACTS

COMPLAINT- 2

Cleveland Stockmeyer PLLC
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

7. On December 29, 2010, during the period studied by DOJ, in Westwood Village mall premises, the individual defendants Longley, Thompson, Luckie, and Ziemer, maliciously acted in concert and through their illegal agreement and conspiracy (a) wrongfully detained and searched Ocak, (b) falsely and illegally arrested him through their show of force, comments, physical restraint and display of authority, (c) illegally and unreasonably prolonged his stop, arrest and detention, (d) and intentionally assaulted him, battered him and inflicted illegal violence and excessive force upon his body and person; which caused physical injury, severe pain, humiliation, insult, scars, loss of dignity, emotional distress and other injury.

8. At the time Ocak was using his girlfriend's car with her permission and violated no traffic, parking or other laws; and there was no proper basis to stop him, nor reasonable suspicion nor probable cause for any prolongation of the stop after he explained, or acts of seizure, detention, arrest or searching.

9. The officers engaged in questions about his keys, juvenile history, and whether he had permission to drive the vehicle without developing any proper basis to stop, detain arrest or search him or use force of any kind or degree.

10. Ocak offered to call his girlfriend to demonstrate he had permission, and the officers intending to violate him did not let him make that call -- they wanted to teach him a lesson to not speak up to SPD officers as as per SPD custom that is contempt of cop, and they intended to violate his rights to protect and speak, unlawfully.

11. When Ocak suggested a call to his girlfriend the officers got angry and began to use unlawful and unreasonable force; they acted together and backed each other up in doing this; Ziemer and the others pressed his face to the hood of the car, grabbed and manipulated his arms,

COMPLAINT- 3

Cleveland Stockmeyer PLLC
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

put him in a head lock, and called him "not real bright" and later a "retard" -- part of the custom of suppressing rights to talk to cops -- and constituting a threat of force to suppress his rights.

12. Longley with the other defendants' consent and ratification put Ocak in cuffs. This was an illegal and false arrest.

13. There was no probable cause for this arrest and treatment; it was illegal retaliation for Ocak's speaking up and complaining.

14. Ocak said, "This is… ridiculous! What am I being handcuffed for?" exercising his right of protest again; the SPD officers continued to suppress his rights and use illegal force with all officers joining in and/or callously and recklessly not stopping this ongoing deprivation of rights, including (a) Thompson struck Ocak; (b) Luckie grabbed Ocak's wrist to inflict pain,(c) Longley wrenched Ocak's head by his upper jaw, struck Ocak in the right side of his face with his closed right fist and threw his entire body weight on Ocak's neck and head; (d) the group of officers took him down to the sidewalk scraping his face; (e) Thompson violently kneed him on his right side; and all this caused physical injury and pain.

15. All such force was unlawful, excessive, unreasonable, unjustified, violent, harmful, and was intentional and malicious to punish Ocak merely for asserting his rights and his true and valid position he had permission to be driving the vehicle.

16. This was as per the SPD custom of punishing citizens who merely talk up to cops in any way, using excessive force, unfounded charges, and unlawful arrests to do so, as those techniques prevent citizens from complaining or can turn a complainer into a defendant burdened with a pending charge.

17. Ocak did not bite Longley or assault anyone; Longley put his finger in his mouth assaulting Ocak and exclaimed "You see that? That's biting a damn police officer, you knucklehead."

18. This charge was a lie, intended to smear Ocak and manufacture a charge against him.

19. Ocak was charged with assaulting Longley, then the City moved to dismiss the charge without prejudice, the Court denied this, Ocak moved to dismiss with prejudice, and the Court granted such motion based on lack of proof. The case was dismissed with prejudice on or about November 30, 2012.

20. The other officers knew this was a false and malicious charge yet stood by allowing and ratifying this violation of Ocak's rights as per the SPD custom to stick together when officers violate citizen rights.

21. Ocak said "you guys are bullies." This was a true and lawful statement.

22. An officer there told him to shut up continuing the suppression of his rights and threat of force as per the custom to retaliate against citizens who speak up.

23. Ocak protested again, relying on his state and constitutional rights, saying "you put your hand in my mouth."

24. This was a true statement and no officer denied this charge.

25. Longley responded "Why would I put my finger in your mouth?" and "I'm trained not to put my finger in your mouth" but did not directly deny the charge, .

26. Ocak was cuffed and taken away and the foregoing stop, detention, arrest, use of force, physical handling, physical contact, cuffing, strikes, roughness, takedown and assault and

COMPLAINT- 5

Cleveland Stockmeyer PLLC
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

scarring of Ocak caused Ocak physical pain, emotional distress, injury, insult, indignity, humiliation and other injuries including economic loss.

27.     SPD supervisors reviewed the use of force and wrongfully justified it, ratifying the wrongful acts; Chief Jim Pugel, a city policymaker, reviewed this incident, but as per the custom to whitewash officer misconduct declined to review the video and found the officer's conduct was appropriate; thus ratifying it and supporting the policy and custom to engage in excessive force.

28.     SPD Supervisor Sgt. Anthony Bailey found on 12/29/10 that this use of force was reasonable and justified, and several others including the watch commander, section commander and patrol operations bureau commander rubber stamped this conclusion, and Chief Jim Pugel in December 2012 wrote a two-page memo to Office of Professional Accountability Director Kathryn Olson justifying the use of force in this incident, saying Ocak was "physically and verbally defiant and aggressive," became "enraged" and "refused" to put his hands on the patrol car as instructed; these statements were not true; the video shows this; and Pugel later admitted he did not watch the video; these supervisor conclusions justifying this use of force were wrong, were rubber stamping and ratified the illegal acts complained of herein by SPD policymakers and supervisors and constituted part of the custom and practice to not review or supervise use of force adequately and when complaints were made to whitewash officer's conduct, ratifying and supporting the custom and policy of excessive force and failing to supervise officer misconduct, as the DOJ has found.

### III.     LEGAL CLAIMS

#### FIRST CAUSE OF ACTION - ASSAULT AND BATTERY

COMPLAINT- 6

Cleveland Stockmeyer PLLC
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

29. Plaintiff restates and incorporates in this section all other allegations in this complaint.

30. The individual officers sued herein lacked proper basis or cause for stopping, seizing, searching and arresting plaintiff, or using force, and intentionally committed assault and battery upon plaintiff, physically assaulting him, laying hands upon him, striking him, in a manner not consented to and offensive to a reasonable person, and causing reasonable apprehension of imminent harm, causing him damages.

31. All such misconduct was intentionally and malicious and the officers acted jointly and in concert and to carry out their illegal agreement to assault and batter plaintiff.

32. The assault and battery caused and proximately caused plaintiff to suffer damages, including insult, indignity, humiliation, embarrassment and emotional distress; economic loss; physical pain and suffering.

## SECOND CAUSE OF ACTION -- FALSE ARREST

33. Plaintiff restates and incorporates in this section all other allegations in this complaint.

34. There was no basis for a Terry stop, no reasonable suspicion, no cause for the prolonged detention of Ocak, nor any lawful basis for his arrest or probable cause.

35. The individual defendants effected a false arrest through show of force, and actual force.

36. The individual officers sued herein intentionally and maliciously falsely arrested plaintiff, causing and proximately causing plaintiff to suffer damages, including insult, indignity, humiliation, embarrassment and emotional distress; and economic loss; physical pain and suffering.

COMPLAINT- 7

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

37. All such misconduct was intentional and malicious and the officers acted jointly and in concert and to carry out their illegal agreement to falsely arrest plaintiff.

### THIRD CAUSE OF ACTION --

### EXCESSIVE FORCE

38. Plaintiff restates and incorporates in this section all other allegations in this complaint.

39. The individual defendants engaged in excessive force against plaintiff, using force that was not reasonably under the circumstances, including assaulting him by putting a finger in his mouth, striking him, cuffing him, taking him down, kneeing him, grabbing him and otherwise using unjust force and violence against his person.

40. The individual officers sued herein intentionally and maliciously committed such excessive force which caused and proximately caused plaintiff to suffer damages.

41. All such misconduct was intentional and malicious and the officers acted jointly and in concert and to carry out their illegal agreement to commit torts and wrongs upon plaintiff and excessive force including for his speaking back -- SPD police do not tolerate any speaking up citizens and have a custom of excessive force to punish it.

### FOURTH CAUSE OF ACTION --

### CLAIMS AGAINST INDIVIDUAL DEFENDANTS UNDER 42 USC § 1983

42. Plaintiff restates and incorporates in this section all other allegations in this complaint.

43. 42 USC §1983 provides that one may recover from any person or entity acting under color of state law who causes damages through violations of rights protected under the federal constitution and federal laws.

COMPLAINT- 8

Cleveland Stockmeyer PLLC
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

44. At relevant times, individual defendants acted under color of law and in uniform.

45. Individual defendants violated and deprived plaintiff of his free speech and protest rights under the First Amendment, and rights to be free of unlawful or unreasonable stopping, seizure and search and force under the Fourth Amendments.

46. To the extent allowed under state law, plaintiff asserts similar claims under state constitutional provisions.

47. The officers in committing these violations of the Anti Klan act, 42 USC 1983, did so intentionally, with malice and spite and ill will.

48. As a direct result of these violations, plaintiff suffered damages.

49. The individual defendants in committing these violations acted in concert, or as per their illegal agreement to do so, and engaged in conspiracy to violate Ocak's rights.

50. Each defendant conspired or agreed to or ratified the deprivation of rights and took action in furtherance of such agreement or acted in concert to do so including backing each other up and or callously standing by and not stopping clear violations of rights.

51. Each thereby proximately caused plaintiff damages.

### FIFTH CAUSE OF ACTION --

### CLAIMS AGAINST DEFENDANT CITY OF SEATTLE UNDER 42 USC § 1983

52. Plaintiff restates and incorporates in this section all other allegations in this complaint.

53. The City of Seattle at relevant times herein has had a custom and policy inside SPD and Office of Professional Accountability to use excessive force and abuse citizens in encounters with SPD including arrest for contempt of cop, false arrest, excessive force, and

COMPLAINT- 9

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

illegal stops and seizures; the violations of plaintiff's rights described herein was caused by and proximately caused by such custom and policy.

54. The City of Seattle at relevant times herein has inadequately supervised and trained SPD officers.

55. OPA has at relevant times had hundreds of complaints of excessive force some or all of which were valid, yet found few if any cases of excessive force.

56. Knowing this, which indicated OPA was wrongfully exonerating officers, SPD leaders failed to take action to correct OPA thereby inadequately supervising officers and ratifying excessive force.

57. The Department of Justice investigated excessive force for the period January 1, 2009 through April 4, 2011, and found SPD officers used unconstitutional excessive force 20% of the time -- about 240 cases; SPD officers escalate situations wrongfully when stopping or arresting individuals for minor infractions or offenses; there was a pattern of excessive force, which means a custom of excessive force; oversight and supervision was deficient; there was a nearly complete failure of supervisors to supervise in that out of 1230 use of force reports only 5 were referred for further review, indicating supervisors were simply rubber stamping the use of force reports; and ineffective system of complaint investigation, inadequate policies and failure to collect adequate data.

57. The DOJ findings referred to above were true.

58. The customs, policy and practices and inadequacies identified by DOJ caused the wrongful acts complained of herein.

59. As per the custom and pattern and policy to engage in illegal force and failure to supervise, SPD and the City have denied that the DOJ findings were true ratifying the custom

COMPLAINT- 10

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

and facts of excessive force and other wrongdoing, and continuing to fail to discipline and supervise.

60. Since the DOJ report -- and since the uses of force during the relevant period -- SPD has failed to discipline nearly all of the hundreds of SPD officers involved in illegal and excessive force; has failed to change or reform the deficient systems of supervision and investigation; and in this way and otherwise has ratified the pattern of illegal force and abuse of citizens, including by making a settlement with DOJ that avoids any retrospective discipline of any of the some 240 cases of illegal and excessive force; all as per the policy and custom of excessive force, failure to supervise and abuse of citizens.

61. On information and belief no one at SPD disciplined the officers involved in the incident described herein, the use of force report was rubber stamped as valid as per SPD custom, ratifying and supporting the custom of excessive force.

62. The custom and policy in SPD and OPA to engage in excessive force, false arrest, arrest for contempt of cop, and other abuse of citizens, caused and proximately caused the violations herein described.

63. SPD policymakers and supervisors knowingly or recklessly allowed the excessive force, abuse of citizens, and failure to train or supervise or discipline.

## SIXTH CAUSE OF ACTION --

## CLAIMS AGAINST CITY OF SEATTLE UNDER STATE LAW

64. Plaintiff restates and incorporates in this section all other allegations in this complaint.

COMPLAINT- 11

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

65. The individual defendants committed the wrongs complained of on the job, in uniform, acting in furtherance of City business and within the scope of employment and the City is thus vicariously liable for all wrongs complained of herein under state law.

### SEVENTH CAUSE OF ACTION -- PUNITIVE DAMAGES

66. Plaintiff restates and incorporates in this section all other allegations in this complaint.

67. The individual defendants herein acted with legal malice, with spite, animus, abusing their position of power and authority, and/or oppressively, and/or standing by callously while knowing or recklessly ignoring the patent violation of plaintiff's rights and person and plaintiff claims punitive damages against each as allowed by law.

### PRAYER FOR RELIEF

NOW, THEREFORE, plaintiff Isaac Ocak prays for the following relief:

1. For a judgment in an amount for damages to be proven at the time of trial, including compensatory and punitive damages;

2. For costs and attorney fees incurred herein,

3. For injunctive relief including that the Court to order SPD to refrain from further violations of rights and excessive force, and seek that DOJ disclose the names of the victims of the 240 excessive force cases found by DOJ and disclose all DOJ expert reports and files therein, and that the City then appropriately review such cases and discipline the officers involved; and discipline the officers involved in this incident; and

4. For such other relief as the Court may deem equitable and proper.

DATED this 27th day of February, 2013.

CLEVELAND STOCKMEYER PLLC

COMPLAINT- 12

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

By: _____/s/\_\_\_\_Cleveland Stockmeyer _____
Cleveland Stockmeyer, WSBA #21636
8056 Sunnyside Ave. N.
Seattle, Washington 98103
(206) 419-4385
Attorney for Plaintiff Isaac Ocak

LAW OFFICES OF JAMES C. EGAN

By: \_\_/s/ \_\_\_\_James C. Egan _____
James C. Egan, WSBA #28257
605 First Avenue, Suite 400
Seattle, Washington 98104
(206) 749-0333
Attorney for Plaintiff Isaac Ocak

COMPLAINT- 13

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385